## ORCUTT v. HOUGH AND TRUSTEE.

*Trustee process—Charging trustee upon promissory notes and other negotiable instruments—Notes payable in this state.*

If a note or other negotiable instrument is made in this state, and payable generally, no place of payment being designated, it is "made and payable in this state," within the meaning of Gen. Stats., ch. 230, sec. 21.

ASSUMPSIT, by Hiram Orcutt against D. S. Hough, administrator, and J. W. Gerrish, trustee.

The following statement of facts was agreed upon between the plaintiff and trustee, and submitted to the court for their opinion, viz.: Said Gerrish purchased certain real estate of said Hough, situated in Lebanon, in this county, on the second day of April, 1870, and gave said Hough in part payment a note, of which the following is a copy, viz.: "Lebanon, N. H., April 2d, 1870. $500. For value received, I promise to pay Daniel S. Hough, or order, five hundred dollars upon the payment or extinction of the claims which are now a lien upon the real estate this day conveyed by said Hough to me, with interest after the first day of next April. [Signed] J. W. Gerrish;"—that upon the fourteenth day of September, 1871, the writ in this case was served upon said Gerrish. Some time in November, 1871, said Hough indorsed said note as follows: "Pay to the order of Elric L. Nichols, trustee. [Signed] D. S. Hough"—and delivered said note to said Elric L. Nichols as security for a debt that said Hough owed him, and also certain other creditors of said Hough, to collect said note, and apply the proceeds upon his own claim and those of the others. Said Gerrish is a resident of this state: said Hough was a resident of the state of New York when he gave said note, and is still. The defendant in this action is defaulted, and the question of the chargeability of said Gerrish as trustee in this suit is the matter in controversy. The condition of said note was, in fact, fulfilled from funds aside from said note.

The questions of law were reserved.

*Spring & Gould,* for the plaintiff.

*E. D. Rand,* for the trustee.

SARGENT, C. J. Formerly, if the trustee was indebted, at the time of the service of the writ upon him or afterwards, to such debtor " by a negotiable promissory note made or payable in this state," or the parties to which at the time of making the same resided in this state, he might be charged for the debt, or so much thereof as may be necessary to pay the plaintiff's claim, upon certain conditions therein expressed. Comp. Stats., ch. 221, secs. 18 and 19.

In the Gen. Stats., ch. 230, secs. 21, 22, and 23, similar provisions

are made, except that the trustee may be charged for "any negotiable promissory note, or other instrument on which he is liable, made and payable in this state," or the parties to which at the time of making the same resided in this state.   One question raised here is, whether this instrument, being payable on a certain condition, can be considered technically a promissory note.   But we think that however this may be, or even if it were not so, it would be immaterial in this case, as it is an instrument on which he is liable, and purports to be a negotiable instrument, and clearly comes within the provision of the law, if it was made and payable in this state.   That it was made in this state there is no question; the only question is, Is the note payable here, within the meaning of the statute?

If a note is made payable at a particular place, the law of the place where it is thus made payable will govern its construction; but a note made and dated in a particular place will be deemed to be a note of that place and governed by the law of that country, whether it is expressly made payable there or is payable generally, without naming any particular place.   Hence such a note makes the maker liable only according to the law of the country where it was executed, even though it may have been indorsed in another country, and the rights of the maker and of the indorser thus be governed by different laws; yet the right of the maker to set up equitable defences to the note will be governed and regulated by the law of the place where the note was made.   Story on Confl. of Laws 201, 215, 272, 277, 291; Story's Prom. Notes, sec. 172.

In *Kibling* v. *Burley*, 20 N. H. 359, Woods, J., speaking of the law which made negotiable promissory notes liable to the trustee process in this state, says the law "has subjected negotiable paper, made under such circumstances as to derive its effect and construction from the laws of this state as the *lex loci*, to the control of the process of foreign attachment to a certain extent."   Now the effect of the laws of this state upon a note made here, and payable generally, would be the same as though it had been made somewhere else and made payable here specifically; so that if the object were to make notes liable to the trustee process when they were so made as to be subject to the laws of this state as the *lex loci*, that object is fully accomplished in this case.

We think that was the meaning of the statute; not that the note must be made payable here specifically, but if made here and payable here generally, as this note or contract is, that must be sufficient, and all that the statute intended to require.   If, therefore, the facts of the case are not changed when the defendant comes in, or by the appearance of any claimants when proper notices are given, the proper entry will be

*Trustee charged.*